IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

U.S. BANK NATIONAL ASSOCIATION,    )
  AS TRUSTEE, AS SUCCESSOR-IN-     )
  INTEREST TO BANK OF AMERICA      )
  NATIONAL ASSOCIATION, AS         )
  TRUSTEE, AS SUCCESSOR BY         )
  MERGER TO LaSALLE BANK           )
  NATIONAL ASSOCIATION, AS         )
  TRUSTEE FOR THE REGISTERED       )
  HOLDERS OF J.P. MORGAN CHASE     )
  COMMERCIAL MORTGAGE              )
  SECURITIES CORP., COMMERCIAL     )
  MORTGAGE PASS-THROUGH            )
  CERTIFICATES, SERIES 2006-LDP8,  )
                                   )  Civil Action
          Plaintiff               )  No. 11-cv-05054
                                   )
      v.                           )
                                   )
LIGHTHOUSE WHITEHALL               )
  COMMONS, LLC,                    )
                                   )
          Defendant               )

                *   *   *

APPEARANCES:
          RICHARD A. O'HALLORAN, ESQUIRE
              On behalf of Plaintiff

          LAUREN P. MCKENNA, ESQUIRE
              On behalf of Defendant

                *   *   *

**O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

          This matter is before the court on plaintiff's Motion

for Summary Judgment filed February 17, 2012.  Defendant,

Lighthouse Whitehall Commons, LLC's Response to Motion of

Plaintiff, U.S. Bank National Association, as Trustee for Summary

Judgment was filed March 9, 2012.  On March 19, 2012 plaintiff filed a Reply Brief in Support of Plaintiff's Motion for Summary Judgment.  Accordingly, this matter is ripe for disposition.

## SUMMARY OF DECISION

For the reasons expressed below, I grant in part, and deny in part, plaintiff's Motion for Summary Judgment.

Specifically, I grant plaintiff's Motion for Summary Judgment to the extent that it requests foreclosure of all right, title, lien and equity of redemption that defendant, and all those claiming by, through or under it has or had in the property located at Three Maryland Circle, Whitehall Township, Lehigh County, Pennsylvania ("Mortgaged Premises"), and requests that such property be sold at foreclosure sale to satisfy the judgment in this case.

I grant partial summary judgment in favor of plaintiff and against defendant in the sum of $4,316,820.31.  This represents $4,316,820.31 outstanding principal balance on an August 16, 2006 promissory note from defendant to Eurohypo AG, which was subsequently assigned to plaintiff U.S. Bank National Association; plus $7,216.16 in late fees, a $120.00 miscellaneous fee, and a $345.00 administrative fee.

In addition, defendant shall pay plaintiff $719.47 per diem standard interest from January 11, 2011 through Septem-

ber 27, 2012, and $599.56 per diem default interest from February 11, 2011, through September 27, 2012.  Defendant shall also pay post-judgment interest at the statutory rate of 0.18 percent to be computed daily, from September 28, 2012 until the judgment is paid in full, which post-judgment interest shall be compounded annually.

I deny plaintiff's motion in all other respects. Specifically, I deny plaintiff's request to apply the contract interest rates from the Loan Agreement to defendant's outstanding principal balance from the date of the entry of judgment, September 28, 2012, until the date of the foreclosure sale of the Mortgaged Premises.  However, defendant must pay post-judgment interest at the statutory rate of 0.18 percent to be computed daily, from September 28, 2012 until the judgment is paid in full, and which post-judgment interest shall be compounded annually.

I also deny plaintiff's request to award any payments plaintiff has made toward taxes and insurance premiums for the Mortgaged Premises.

Furthermore, I deny plaintiff's request to award attorneys' fees, taxes, insurance premiums, and other cost disbursements advanced by plaintiff on behalf of defendant during the pendency of this action.

- 3 -

In addition, I deny plaintiff's request for appointment of a receiver to operate, manage, and conduct the foreclosure sale of, the Mortgaged Premises.

In all other respects, plaintiff's Motion for Summary Judgment is denied.

## JURISDICTION

This court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.[1]

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of this action -- namely, the Mortgaged Premises -- is located in Whitehall Township, Lehigh County, Pennsylvania, which is located in this judicial district.[2]

## PROCEDURAL HISTORY

Plaintiff initiated this action on August 8, 2011 by filing a Complaint in Mortgage Foreclosure against defendant

---

[1]     Plaintiff is a national banking association organized under the National Bank Act, which exists under the authority of the Office of the Comptroller of the Currency, and is deemed to be a citizen of the State of Ohio with its principal place of business at 425 Walnut Street, Cincinnati, Ohio 45202-3923.  Defendant is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Fort Lee, New Jersey.  None of defendant's members are citizens of the State of Ohio.  Amended Complaint in Mortgage Foreclosure at ¶¶ 1-3; Reply Brief in Support of Plaintiff's Motion for Summary Judgment at pages 2-3.

[2]     Exhibit D, Amended Complaint in Mortgage Foreclosure.

Lighthouse Whitehall Commons, LLC.  Plaintiff alleges that defendant defaulted on its mortgage.

Plaintiff filed an Amended Complaint in Mortgage Foreclosure on August 16, 2011.  On September 19, 2011 the Answer and Affirmative Defenses of Defendant, Lighthouse Whitehall Commons, LLC to Plaintiff's Amended Complaint was filed.

On September 23, 2011 plaintiff requested appointment of a receiver to manage the Mortgaged Premises during the pendency of this action.  I denied Plaintiff's Petition for Appointment of Receiver on December 7, 2011.[3]

At the Rule 16 Status Conference held by telephone conference call with the undersigned on December 7, 2011, I set a fact discovery deadline of March 30, 2012.[4]

In correspondence dated January 10, 2012 [5], plaintiff submitted Plaintiff's First Request for Admissions Directed to Defendant Lighthouse Whitehall Commons, LLC.  Defendant submitted Lighthouse Whitehall Commons, LLC's Response to Plaintiff's First Request for Admissions to plaintiff in correspondence dated February 9, 2012.[6]

---

[3]    Order of the undersigned dated and filed December 7, 2011 (Document 22).

[4]    Rule 16 Status Conference Order of the undersigned dated December 7, 2011 and filed December 8, 2011 (Document 23).

[5]    Exhibit 4 (Document 33-4), Motion for Summary Judgement.

[6]    Exhibit 5 (Document 33-5), Motion for Summary Judgment.

In defendant's February 9, 2012 response, defendant admitted that it did not make monthly mortgage payments to plaintiff from February 2011, through December 2011, but denied that such payments were required by the August 16, 2006 Promissory Note ("Note").

On February 17, 2012, prior to the close of discovery, plaintiff filed its Motion for Summary Judgment.

Defendant, Lighthouse Whitehall Commons, LLC's Response to Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment was filed March 9, 2012.  In defendant's response to plaintiff's Motion for Summary Judgment, defendant objected to plaintiff's request for prepayment yield maintenance, as well as to the amount plaintiff claimed in late fees.

After further review of the loan documents, plaintiff, in its Reply Brief in Support of Plaintiff's Motion for Summary Judgment filed by plaintiff on March 19, 2012, withdrew its request for prepayment yield maintenance and decreased the late fees demanded to accord with defendant's contention that late fees cannot be imposed after acceleration of the Note.  Plaintiff clarified in its reply brief that it also seeks reimbursement from plaintiff for any tax or insurance premium payments that it makes on behalf of defendant.

On February 17, 2012, approximately one-and-one-half months prior to the March 30, 2012 fact discovery deadline established by my Rule 16 Status Conference Order, plaintiff filed its within Motion for Summary Judgment.  Neither party has requested leave to provide supplemental record evidence concerning the pending Motion for Summary Judgment.[7]

---

[7]    As noted above, plaintiff filed its Motion for Summary Judgment on February 17, 2012.  The Motion for Summary Judgment was filed electronically, together with several attachments.  Specifically, plaintiffs electronically attached the following to its Motion for Summary Judgment on February 17, 2012:

      (1)    Affidavit of Simon Lau notarized February 16, 2012 (Document 26-1);

      (2)    Brief in Support of Plaintiff's Motion for Summary Judgment (Document 26-2);

      (3)    a proposed Order (Document 26-3); and

      (4)    Certificate of Service (Document 26-4).

Plaintiff refers to its January 10, 2012 request for admissions and defendant's February 9, 2012 response to plaintiff's January 10, 2012 request in its February 17, 2012 Motion for Summary Judgment (see ¶¶ 17-20) and accompanying Brief in Support (see pages vi and 2).  Although the plaintiff's request and defendant's answers were referred to in plaintiff's February 17, 2012 motion and brief in support, the requests and answers were not docketed on February 17, 2012 as electronic attachments to plaintiff's motion (but plaintiff's brief was).

My chambers contacted counsel for each party by phone and advised them that plaintiff's January 10, 2012 request for admissions and defendant's February 9, 2012 response had not been electronically attached to plaintiff's February 17, 2012 motion.  Defendant counsel did not object to plaintiff electronically filing plaintiff's January 10, 2012 request or defendant's February 9, 2012 response.

On June 28, 2012 plaintiff filed Plaintiff's First Request for Admissions Directed to Defendant Lighthouse Whitehall Commons, LLC (Document 33-4); and Lighthouse Whitehall Commons, LLC's Response to Plaintiff's First Request for Admissions, which response was filed June 28, 2012 (Document 33-5).  In addition, on June 28, 2012, plaintiff re-filed several documents which were already documents of record: Complaint in Mortgage Foreclosure (re-filed as Document 33-1); Amended Complaint in Mortgage Foreclosure (re-filed as Document 33-2); Answer and Affirmative Defenses of Defendant, Lighthouse Whitehall Commons, LLC to Plaintiff's Amended Complaint (re-filed as Document 33-3); and Affidavit of Simon Lau notarized February 16, 2012 (re-filed as Document 33-6).

(Footnote 7 continued):

**STANDARD OF REVIEW**

In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-2510, 91 L.Ed.2d 202, 211 (1986); Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company, 316 F.3d 431, 443 (3d Cir. 2003).

Only facts that may affect the outcome of a case are "material". Moreover, all reasonable inferences from the record are drawn in favor of the non-movant. Anderson, 477 U.S. at 255, 106 S.Ct. at 2513, 91 L.Ed.2d at 216.

Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof. See Watson v. Eastman Kodak Company, 235 F.3d 851, 857-58 (3d Cir. 2000).

_____

(Continuation of footnote 7):

   In short, the only new documents added to the record by plaintiff's June 28, 2012 filing were plaintiff's January 10, 2012 request for admissions (filed as Document 33-4) and defendant's February 9, 2012 response (filed as Document 33-5). Accordingly, the new documents added to the record of this case by plaintiff's June 28, 2012 filing existed at the time of filing of, and are referred to in, plaintiff's February 17, 2012 Motion for Summary Judgment.

Defendants cannot avert summary judgment with speculation or by resting on the allegations in their pleadings, but rather they must present competent evidence from which a jury could reasonably find in their favor.  Ridgewood Board of Education v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Woods v. Bentsen, 889 F.Supp. 179, 184 (E.D.Pa. 1995).

### **FACTS**

Based upon the pleadings, record papers, exhibits, affidavits, responses to requests for admissions, and the parties' statements of facts, the relevant facts, viewed in the light most favorable to defendant, as required by the forgoing standard of review, are as follows.

### Parties

Plaintiff U.S. Bank National Association ("U.S. Bank") is a national banking association and a citizen of Ohio, with its principal place of business in Cincinnati, Ohio.  Defendant Lighthouse Whitehall Commons, LLC ("Lighthouse Whitehall") is a Pennsylvania limited liability company with its principal place of business in Fort Lee, New Jersey.[8]

### Agreements

On August 16, 2006, defendant Lighthouse Whitehall entered into a $4,440,000.00 loan agreement with Eurohypo AG, New York Branch ("Eurohypo") as Lender and defendant as Borrower.

---

[8]      Amended Complaint in Mortgage Foreclosure at ¶¶ 1-3.

Lighthouse Whitehall executed and delivered the Note to Eurohypo on August 16, 2006.

Lighthouse Whitehall executed an Open-End Mortgage and Security Agreement ("Mortgage") in favor of Eurohypo on August 16, 2006 and recorded the Mortgage with the Office of Recorder of Deeds for Lehigh County on August 30, 2006 to secure payment of the sums due under the Note.[9]  Lighthouse Whitehall used the proceeds of from the loan to purchase 78 condominium units located at Three Maryland Circle, Whitehall Township, Lehigh County, Pennsylvania ("Mortgaged Premises").[10]

On August 16, 2006, Lighthouse Whitehall entered into an Assignment of Leases and Rents ("Lease Assignment") with Eurohypo to further secure the payment of the sums due under the Note.  The Lease Assignment were recorded with the Office of Recorder of Deeds for Lehigh County on August 30, 2006.[11]

The Note is also secured by UCC-1 Financing Statements ("UCC-1's") filed with the Secretary of State of the Commonwealth of Pennsylvania on August 25, 2006 and recorded with the Office of Recorder of Deeds for Lehigh County on August 30, 2006.[12]

---

[9]     Amended Complaint in Mortgage Foreclosure at ¶¶ 5-9 and Exhibits A-D.

[10]     Defendant Lighthouse Whitehall Commons, LLC's Memorandum of Law in Opposition at page 2.

[11]     Amended Complaint in Mortgage Foreclosure at ¶ 8 and 10.

[12]     Amended Complaint in Mortgage Foreclosure at ¶¶ 10-11 and Exhibit E.

Eurohypo assigned the Mortgage, the Lease Assignment, and the UCC-1's to LaSalle Bank National Association ("LaSalle Bank").  The assignment of the UCC-1's to LaSalle Bank was recorded with the Office of Recorder of Deeds for Lehigh County on May 24, 2007.[13]  The assignments of the Mortgage and the Lease Assignment to LaSalle Bank were recorded with the Office of Recorder of Deeds for Lehigh County on June 11, 2007.[14]

Bank of America National Association, as successor by merger to LaSalle Bank, assigned the Mortgage, the Lease Assignment, and the UCC-1's to plaintiff U.S. Bank National Association.  The assignments of the Mortgage and the Lease Assignment to plaintiff U.S. Bank were recorded with the Office of Recorder of Deeds for Lehigh County on June 27, 2011.[15]  The assignment of the UCC-1's to plaintiff U.S. Bank were recorded with the Office of Recorder of Deeds for Lehigh County and filed with the Secretary of State of the Commonwealth of Pennsylvania on an unspecified date.[16]

---

[13]    Amended Complaint in Mortgage Foreclosure at ¶ 14.

[14]    Amended Complaint in Mortgage Foreclosure at ¶¶ 12-13 and Exhibits F and G.

[15]    Amended Complaint in Mortgage Foreclosure at ¶¶ 15-16 and Exhibits H and I.

[16]    Amended Complaint in Mortgage Foreclosure at ¶ 17.

<u>Non-Payment</u>

Defendant Lighthouse Whitehall is the owner of the Mortgaged Premises.  Lighthouse Whitehall did not make monthly loan payments to U.S. Bank from February 2011, through December 2011.  U.S. Bank accelerated payments on Lighthouse Whitehall's Mortgage on May 23, 2011.[17]

## **DISCUSSION**

As specified in the Loan Agreement and undisputed by the parties, the law of the Commonwealth of Pennsylvania governs this action.[18]  Under Pennsylvania law, a mortgagee may file suit for foreclosure to enforce the terms of the mortgage.  <u>United States v. Olayer</u>, 333 Fed.Appx. 669, 671 (3d Cir. 2009)(<u>citing Cunningham v. McWilliams</u>, 714 A.2d 1054, 1056-1057 (Pa.Super. 1998)).  If the judgment is not satisfied by a foreclosure sale, the mortgagor remains liable for the remaining balance.  <u>Id.</u>

A court may grant summary judgment to a mortgagee-plaintiff in a foreclosure action if there is no issue of material fact as to whether (1) the mortgage is in default; (2) defendant has failed to pay interest on the mortgage; and (3) the recorded mortgage is in the amount specified by plaintiff

---

[17]     Amended Complaint in Mortgage Foreclosure at ¶ 18; Exhibit 5, Answer to Request 12 at page 6, Defendant, Lighthouse Whitehall Commons, LLC's Response to Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment.

[18]     Exhibit A at page 54 and Schedule I, Amended Complaint in Mortgage Foreclosure.

mortgagee.  <u>Landau v. Western Pennsylvania National Bank</u>,

445 Pa. 217, 225-226, 282 A.2d 335, 340 (1971).

<u>Mortgage in Default</u>

In Lighthouse Whitehall Commons, LLC's Response to

Plaintiff's First Request for Admissions, Lighthouse Whitehall

admitted the following:

> (1) Exhibit A to U.S. Bank's Amended Complaint in
> Mortgage Foreclosure is a true and correct copy of
> the Loan Agreement between Eurohypo and Lighthouse
> Whitehall;
>
> (2) the signature of Mr. Meyer Orbach, Lighthouse
> Whitehall's managing member on August 16, 2006,
> appears on the Loan Agreement;
>
> (3) Exhibit B to U.S. Bank's Amended Complaint in
> Mortgage Foreclosure is a true and correct copy of
> the Note for the original principal loan amount of
> $4,400,000.00, given by Lighthouse Whitehall to
> Eurohypo;
>
> (4) Meyer Orbach's signature appears on the Note;
>
> (5) Exhibit C to the Amended Complaint in Mortgage
> Foreclosure is a true and correct copy of the
> Mortgage dated August 16, 2006 and recorded on
> August 30, 2006; and
>
> (6) Meyer Orbach's signature appears on the
> Mortgage.[19]

In addition to Lighthouse Whitehall's admissions, the

documents which U.S. Bank attached to its Amended Complaint in

Mortgage Foreclosure demonstrate that payments on the Mortgage

were to be made from Lighthouse Whitehall to U.S. Bank beginning

---

[19]     Exhibit 5 at pages 3-4, Reply Brief in Support of Plaintiff's
Motion for Summary Judgment.

January 1, 2011, which was the effective date of the assignments from Bank of America to U.S. Bank.  Specifically, exhibits F and G to the Amended Complaint in Mortgage Foreclosure are the assignments of the Mortgage and Lease Assignment from Eurohypo AG to LaSalle Bank.  Exhibits H and I are the assignments of the Mortgage and the Lease Assignment from Bank of America National Association, as successor by merger to LaSalle Bank, to plaintiff U.S. Bank.

Pursuant to the Loan Agreement, Lighthouse Whitehall agreed to provide U.S. Bank with monthly payments on the Mortgage on the eleventh day of each calendar month during the term of the loan.[20]  A sworn, notarized affidavit of Mr. Simon Lau, Vice President and Servicing Officer of U.S. Bank, dated March 19, 2012, was filed with the Reply Brief in Support of Plaintiff's Motion for Summary Judgment.  In his affidavit, Mr. Lau stated that defendant has an outstanding principal balance of $4,316,820.31 on the Mortgage, and that defendant failed to make required Mortgage payments to plaintiff beginning February 2011, through December 2011.[21]

Indeed, Lighthouse Whitehall admits, in its response to Plaintiff's First Requests for Admissions Directed to Defendant Lighthouse Whitehall Commons, LLC, that it did not make monthly

---

[20]    Exhibit A at page 8, Amended Complaint in Mortgage Foreclosure.

[21]    Exhibit 1, Reply Brief in Support of Plaintiff's Motion for Summary Judgment.

payments to U.S. Bank beginning in February 2011, and for each subsequent month, through and including December 2011.[22] Defendant denied that these February through December 2011 payments were due to plaintiff under the Note.[23]  However, defendant does not counter U.S. Bank's supporting affidavit with any affidavit of its own, or any other document supporting its contention that payments were not due to U.S. Bank from February 2011, through December 2011.

The Loan Agreement provides that the Mortgage is considered in default if "any monthly installment of principal and/or interest due under the Note is not paid on or prior to the date on which it is due".[24]  Mr. Lau's affidavit supports plaintiff's contention that Lighthouse Whitehall has an outstanding balance on the Mortgage and that Lighthouse Whitehall missed at least eleven monthly payments.

In the absence of any record evidence supporting Lighthouse Whitehall's claim that it did not owe U.S. Bank monthly payments from February 2011, through December 2011, I find that there is no disputed genuine issue of material fact as to whether Lighthouse Whitehall defaulted on the Mortgage.

---

[22]     Exhibit 5, Answer to Request 12 at page 6, Defendant, Lighthouse Whitehall Commons, LLC's Response to Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment.

[23]     Id.

[24]     Exhibit A at page 50, Amended Complaint in Mortgage Foreclosure.

Lighthouse Whitehall's admission that it did not make monthly payments to U.S. Bank from February 2011, through December 2011, together with the affidavits from Mr. Lau stating that Lighthouse Whitehall was obligated to make such payments, demonstrates that there is no dispute of material fact concerning whether Lighthouse Whitehall's Mortgage is in default.  <u>See</u> <u>Hearns v. Parisi</u>, 548 F.Supp.2d 132, 142 (M.D.Pa. 2008).  Indeed, these undisputed facts demonstrate that defendant Lighthouse Whitehall defaulted on its obligations under the Loan Agreement and Mortgage.

<u>Defendant Failed to Pay Interest</u>

For a plaintiff mortgagee to obtain summary judgment in a foreclosure action, the plaintiff must also demonstrate that there is no genuine issue of material fact as to whether the defendant-mortgagor failed to pay interest on the loan.  <u>Landau</u>, 445 Pa. at 225-226, 282 A.2d at 340.

According to the Loan Agreement, Lighthouse Whitehall's monthly payments due to U.S. Bank include both the principal and the interest accrued on the Mortgage for the previous month.[25] Defendant's admission that it did not make required monthly payments to plaintiff, part of which would have been applied to

---

[25]    Exhibit A at page 15, Amended Complaint in Mortgage Foreclosure, states that "[e]ach payment shall be applied first to accrued and unpaid interest and the balance to principal."

accruing interest, constitutes an admission that Lighthouse
Whitehall failed to pay interest on the loan.  Accordingly, the
fact that defendant failed to pay interest on the loan is not
disputed.

<u>Specified Mortgage Amount</u>

To obtain summary judgment in a mortgage foreclosure
action, a plaintiff-mortgagee must also demonstrate that the
amount of defendant's recorded Mortgage is not in dispute.
<u>Landau</u>, 445 Pa. at 225-26; 282 A.2d at 340.

In its response to Plaintiff's First Requests for
Admissions Directed to Defendant Lighthouse Whitehall Commons,
LLC, defendant Lighthouse Whitehall admitted that the Promissory
Note plaintiff attached to its Amended Complaint in Mortgage
Foreclosure is a "true and correct copy" of the Note, and that
the Note evidences the original Mortgage of $4,440,000.00.[26]
Consequently, there is no dispute as to the recorded amount of
the Mortgage.

Because Lighthouse Whitehall has failed to establish a
genuine issue of fact concerning (1) whether it is in default,
(2) whether it failed to pay interest on the Mortgage, and
(3) the recorded amount of the Mortgage, I grant plaintiff's
Motion for Summary Judgment to the extent it requests that

---

[26]     Exhibit 5, Answer to Request 4 at page 3, Defendant, Lighthouse
Whitehall Commons, LLC's Response to Motion of Plaintiff, U.S. Bank National
Association, as Trustee for Summary Judgment.

plaintiff be permitted to foreclose on the Mortgaged Premises to satisfy a judgment in this case.

### Outstanding Balance

It is proper to grant plaintiff summary judgment in a mortgage foreclosure action even if defendant does not admit the amount of its outstanding debt to plaintiff.  Wells Fargo Bank, N.A. v. Lofts at the Mill, L.P., 2010 U.S.Dist. LEXIS 33784, at *4 (M.D.Pa. April 6, 2012)(Munley, J.)(citing Cunningham v. McWilliams, 714 A.2d 1054, 1057 (Pa.Super. 1998); see Landau, 445 Pa. at 225-226, 282 A.2d at 340.

In Landau v. Western Pennsylvania National Bank, the Supreme Court of Pennsylvania stated that defendant-mortgagors are "unquestionably entitled to an accounting, but that accounting is not due until the property is sold at sheriff's sale and distribution of the proceeds is made."  445 Pa. at 226; 282 A.2d at 340 .  However, the Landau Court made that statement only after concluding that the homeowner-mortgagors had not raised "any genuine issue as to the amount of damages to be awarded in the mortgage foreclosure action."  Id.  Here, as discussed below, genuine factual disputes remain concerning the total amount of damages.

Nonetheless, Landau establishes the possibility that, where there is a genuine dispute regarding the amount of damages, the court may grant summary judgment on the foreclosure action,

but withhold judgment regarding damages.   See Lofts at the Mill,
2010 U.S.Dist. LEXIS 33784, at *5.

        Mr. Lau's March 19, 2012 affidavit explains that the
$4,540,678.07 in total damages claimed by U.S. Bank include
standard interest through August 10, 2011 at the rate of
6 percent per year and default interest through July 30, 2011 at
the rate of 5 percent per year.[27]   U.S. Bank also seeks
continuing per diem interest at the standard interest rate from
and after August 11, 2011 and per diem interest at the default
rate from and after July 31, 2011, both continuing until the
Mortgaged Premises is sold.[28]   Plaintiff also requests all, and
continuing, attorneys' fees and "all other amounts advanced by
[p]laintiff during the pendency of this action".[29]

        The only disputed issues concerning the amount of
damages claimed by U.S. bank are the amount U.S. Bank paid in
taxes and insurance premiums, and the amount of attorneys' fees
and any other fees that U.S. Bank has advanced or will advance

---

[27]    The Loan Agreement provides that the Mortgage shall accrue
interest at the standard rate of six percent per annum.  Exhibit A at pages 6
and 14 and Schedule I.  The Loan Agreement also provides that if a default
occurs, defendant shall pay interest at the default rate of the maximum rate
permitted by law or five percent above the standard interest rate.  Id. at
pages 4 and 14.

[28]    Plaintiff does not make clear why it chose to end its calculation
of standard interest on August 10, 2011 and its calculation of default
interest on July 30, 2011.  However, this choice does not affect the amount of
damages defendant may owe because plaintiff requests that defendant pay both
standard interest and default interest every day until the time that the
Mortgaged Property is sold.

[29]    Exhibit 1 at page 2, Reply Brief in Support of Plaintiff's Motion
for Summary Judgment.

during the pendency of this action.  As explained below, Lighthouse Whitehall has not provided record evidence creating a genuine issue of material fact concerning the outstanding amount of principal balance, standard interest, default interests, late fees, prepayment yield maintenance, or  miscellaneous and administrative fees.

### Principal Balance

In its Motion for Summary Judgment, plaintiff alleges that defendant has an outstanding principal balance on its Mortgage of $4,316,820.31.[30]  In its response to plaintiff's motion, defendant denied that it has an outstanding balance in that amount.[31]  However, defendant has not provided any evidence, such as a counter affidavit or statements showing that defendant has paid down a greater portion of the original $4,400,000 loan secured by the Mortgage, to support its contention that defendant does not have an outstanding balance in this amount. Accordingly, there is no genuine dispute regarding defendant's outstanding principal balance in the amount of $4,316,820.31.

### Standard Interest

U.S. Bank asserts, in its Motion for Summary Judgment, that Lighthouse Whitehall owes $152,527.65 in standard interest

---

[30]    Motion for Summary Judgment at ¶ 22.

[31]    Defendant, Lighthouse Whitehall Commons, LLC's Response to Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment at ¶ 22.

on the Mortgage through August 10, 2011, as well as continuing per diem interest until the Mortgaged Premises is sold at fore-closure sale.[32]  In its reply to U.S. Bank's motion, Lighthouse Whitehall denies that it owes this amount in interest,[33] but, again, failed to provide any evidence supporting that contention.

Lighthouse Whitehall, in its brief in opposition, contends that plaintiff's calculation of the standard interest due is incorrect.[34]  Both parties agree that the standard interest rate is six percent per year pursuant to the Loan Agreement.[35]  The parties also agree as to how the interest is to be calculated and that the standard interest rate amounts to $719.47 per day.[36]

---

[32]    Motion for Summary Judgment at ¶ 22 and page 7.  This amount is the same as the outstanding balance noted in Mr. Lau's affidavit.  Exhibit 2 at ¶ 2, Reply Brief in Support of Plaintiff's Motion for Summary Judgment.

[33]    Defendant, Lighthouse Whitehall Commons, LLC's Response to Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment at ¶ 22.

[34]    Defendant, Lighthouse Whitehall Commons, LLC's Memorandum of Law in Opposition to the Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment at pages 11-12.

[35]    Id. at page 11; Exhibit 2 at ¶ 3, Reply Brief in Support of Plaintiff's Motion for Summary Judgment; Exhibit A at page 4 and Schedule I, Amended Complaint in Mortgage Foreclosure.

[36]    To calculate the per diem interest, multiply the outstanding principal balance, $4,316,820.31 by the interest rate of 6 percent; divide the result by 360; and multiply by the number of days for which interest is due. Defendant, Lighthouse Whitehall Commons, LLC's Memorandum of Law in Opposition to the Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment at page 11; Reply Brief in Support of Plaintiff's Motion for Summary Judgment at page 4; Exhibit A at page 14, Amended Complaint in Mortgage Foreclosure.

While the parties agree on the per diem standard interest rate, they dispute the date on which standard interest began to accrue at the rate of $719.47 per day.  U.S. Bank contends that the standard interest began accruing on January 11, 2011.[37]  Lighthouse Whitehall contends that, if any interest is due, it did not begin to accrue until February 1, 2011.[38]

The terms of the Loan Agreement resolve this dispute. Specifically, the Loan Agreement provides that Lighthouse Whitehall's monthly payments are due to U.S. Bank on the eleventh day of each calendar month.[39]  The Loan Agreement also specifies that each monthly payment includes "interest accrued with respect to the monthly period ending on the date immediately preceding each Monthly Payment Date [the eleventh day of each month], in arrears [for the previous month], in the amount of the Monthly Debt Service Payment Amount [which includes both principal and interest] on each Monthly Payment Date thereafter to the Maturity Date."[40]

Pursuant to the above-quoted language, Lighthouse Whitehall's monthly payments include interest which accrued on

---

[37]     Exhibit 1 at ¶ 3, Reply Brief in Support of Plaintiff's Motion for Summary Judgment.

[38]     Defendant, Lighthouse Whitehall Commons, LLC's Memorandum of Law in Opposition to the Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment at page 11.

[39]     Exhibit A at page 8, Amended Complaint in Mortgage Foreclosure.

[40]     Id. at page 15.

the principal balance from the eleventh day of the previous month through and including the tenth day of the current month.

Defendant admitted not making payments to plaintiff from February 11, 2011 and for each subsequent month thereafter, through December 11, 2011.[41]  By not making the monthly payment on February 11, 2011, Lighthouse Whitehall failed to pay U.S. Bank the interest which had accrued from January 11, 2011 through February 10, 2011.  By failing to make the required monthly payments to plaintiff since February 11, 2011, defendant is responsible for paying plaintiff interest which began to accrue on January 11, 2011, one month prior to the first admittedly-missed payment.

Because the language of the Loan Agreement is clear with regard to how interest is to be calculated, there is no genuine dispute regarding the amount of standard interest defendant owes plaintiff.  Lighthouse Whitehall owes U.S. Bank $719.47 per diem in standard interest from January 11, 2011 through September 27, 2012.

*Default Interest*

The Loan Agreement stipulates that if defendant defaults on a payment, plaintiff shall collect default interest on the Mortgage, in addition to the standard interest already

---

[41]     Exhibit 5, Answer to Request 12 at page 6, Defendant, Lighthouse Whitehall Commons, LLC's Response to Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment.

charged on the principal.[42]  The parties agree that the interest should be calculated in the same manner as the standard interest, that the default interest rate is five percent per year, which amounts to $599.56 per day.  However, again the parties disagree about when default interest began to accrue.[43]

U.S. Bank claims the default interest began to accrue on February 11, 2011[44] and Lighthouse Whitehall claims that, if default interest is due, it began accruing on February 1, 2011.[45] Defendant has not provided a counter-affidavit or any other record evidence to support its contention that default interest would begin accruing on February 1, 2011.

More importantly, the Loan Agreement provides that the outstanding principle on the loan "shall accrue interest at the Default Rate, *calculated from the date such payment was due*"

---

[42]    Id. at page 14.

[43]    Defendant, Lighthouse Whitehall Commons, LLC's Memorandum of Law in Opposition to the Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment at page 12; Exhibit 1 at ¶ 4, Reply Brief in Support of Plaintiff's Motion for Summary Judgment.  See also Exhibit A at page 4, Amended Complaint in Mortgage Foreclosure (defining the default rate as "a rate per annum equal to the lesser of (i) the maximum rate permitted by applicable law, or (ii) five percent (5%) above the Interest Rate."). Pennsylvania law permits plaintiff to charge more than eleven percent interest on defendant's Mortgage.  See Levy v. Gordon-Davis Linen Supply Co., 1993 U.S.Dist. LEXIS 5166, at *9-12 (E.D.Pa. Mar. 30, 1993) (Hutton, J.).

[44]    Exhibit 1 at ¶ 4, Reply Brief in Support of Plaintiff's Motion for Summary Judgment.

[45]    Defendant, Lighthouse Whitehall Commons, LLC's Memorandum of Law in Opposition to the Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment at page 11.

(emphasis added).[46]  Defendant's first missed payment was due February 11, 2011.  Therefore, default interest began accruing on February 11, 2011 pursuant to the terms of the Loan Agreement. Accordingly, there is no genuine issue of material fact regarding the default interest that defendant owes plaintiff.  Defendant owes plaintiff $599.56 per diem in default interest, from February 11, 2011 through September 27, 2012.

*Post-Judgment Interest*

Plaintiff requests that defendant pay the default interest, in addition to the standard interest rate of six percent, up until the time the Mortgaged Premises is sold at foreclosure sale.[47]

Under Pennsylvania law, after a judgment is entered, plaintiff is entitled to statutory interest rather than contractual interest unless the contract establishes the parties' intent to maintain the contractual interest rate post-judgment. Standard v. Federal National Mortgage Association, 991 F.2d 1089, 1094-1095 (3d Cir. 1993).

There is no provision in the Loan Agreement establishing the parties' intent to have defendant pay the default interest after a judgment is entered in a foreclosure

---

[46]    Exhibit A at page 14, Amended Complaint in Mortgage Foreclosure (emphasis added).

[47]    Motion for Summary Judgment at page 7.

proceeding.  Accordingly, defendant must pay post-judgment interest at the statutory rate.

Post-judgment interest in federal court, even in diversity actions, is governed by 28 U.S.C. § 1961, which provides that a plaintiff shall receive interest from the date of the entry of the judgment at a rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of the Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  Pierce Associates, Inc. v. The Nemours Foundation, 865 F.2d 530, 548 (3d Cir. 1998).[48]  Therefore, plaintiff shall receive interest at a rate of 0.18 percent, to be computed daily, until the judgment is paid in full, and shall be compounded annually, as provided by 28 U.S.C. § 1961(b).

*Late Fees*

The Loan Agreement provides that, in the event defendant does not make a required payment, defendant shall pay plaintiff "the lesser of (a) five percent (5%) of such unpaid sum or (b) the maximum amount permitted by applicable law".[49]  In its Motion for Summary Judgment, plaintiff alleged that defendant's

---

[48]    The weekly average 1-year constant maturity Treasury yield is available at http://www.federalreserve.gov. 28 U.S.C. § 1961, Statutory Notes. From http://federalreserve.gov, select "Economic Research & Data", and then "Selected Interest Rates - H.15".  The weekly average 1-year constant maturity Treasury yield was 0.18 percent for the week ending September 21, 2012.

[49]    Exhibit A at page 15, Amended Complaint in Mortgage Foreclosure.

loan accrued $9,020.20 in late fees, without explaining the
calculation that generated that figure.[50]

After Lighthouse Whitehall pointed out, correctly, in
its response and memorandum opposing plaintiff's Motion for
Summary Judgment that U.S. Bank may not recover late fees after
the acceleration of the Note[51] -- acceleration occurred on
May 23, 2011 -- plaintiff reduced its claim for late fees to
$7,216.16.[52]   To arrive at this amount, plaintiff alleged that
defendant missed monthly payments of $36,080.78 due the months of
February, 2011 through May, 2011, and calculated five percent of
those four months of missed payments.[53]

U.S. Bank's reduction in its claim for late fees
adequately responded to defendant's contention that late fees may
not be charged after the date of acceleration.  Because discovery
is now complete and defendant has not requested leave to submit a
sur-reply to object to the $36,080.78 monthly payment amount
which plaintiff used as a basis to compute the late fees charged

---

[50]   Motion for Summary Judgment at ¶ 22.

[51]   Defendant, Lighthouse Whitehall Commons, LLC's Memorandum of Law
in Opposition to the Motion of Plaintiff, U.S. Bank National Association, as
Trustee for Summary Judgment on pages 9-10 (citing Security Mutual Life
Insurance Company of New York v. Contemporary Real Estate Associates,
979 F.2d 329, 331 (3d Cir. 1992)).

[52]   Exhibit 1 at ¶ 5, Reply Brief in Support of Plaintiff's Motion for
Summary Judgment.

[53]   Id.

on payments missed from and including February 2011, through and including May 2011, I consider plaintiff's figure of $36,080.78 to be defendant's true monthly payment due on the eleventh day of February, March, April, and May, 2011.[54]

Accordingly, there is no dispute regarding the amount of late fees defendant owes plaintiff, and I find that defendant owes plaintiff $7,216.16 in late fees for Lighthouse Whitehall's missed payments in February, March, April, and May, 2011.

---

[54]     Plaintiff's figure of $36,080.78 may, at first glance, appear to conflict with the terms of the Loan Agreement. The Loan Agreement provides that the monthly payment amount is, "for the period beginning on the twenty fifth (25) Monthly Payment Date through and including the Maturity Date, a payment of principal and interest equal to $26,620.04." Exhibit A at Schedule I, Amended Complaint in Mortgage Foreclosure.  The First Monthly Payment Date is October 11, 2006, which makes the twenty-fifth Monthly Payment Date October 11, 2008.  Id.

     However, the Loan Agreement also states that late fees can be charged not just on the principal and interest, which the $26,620.04 figure represents, but also on "any other sum due under the Loan Documents, other than the payment of principal due on the Maturity Date". Id. at page 15. Other sums due under the Loan Document include monthly payments that go toward taxes, insurance premiums, and capital expenditures. Id. at Schedule IV.

     The difference between plaintiff's monthly payment figure of $36,080.78 and the Loan Agreement's payment amount of $26,620.04, which includes principal and interest only, could be the monthly payments which plaintiff is required to put into tax and insurance funds.  Id. at page 44 and Schedule IV.

     Additionally, based on Mr. Lau's affidavit which describes the decrease in funds in the tax and insurance accounts from August 1, 2011 through March 13, 2012, the cost of defendant's taxes and insurance appears to have increased since the date the Loan Agreement was signed on August 16, 2006.  Exhibit 1 at ¶ 7, Reply Brief in Support of Plaintiff's Motion for Summary Judgment.  This apparent increase in the tax and insurance payments from Lighthouse Whitehall to U.S. Bank provides further explanation for the base monthly payment amount of $26,620.04 referenced in the Loan Agreement and the $36,080.78 referenced in Mr. Lau's affidavit.  Nevertheless, as noted above, defendant Lighthouse Whitehall has not supplied any record evidence establishing a monthly payment amount other than $36,080.78.

*Prepayment Yield Maintenance*

In its Motion for Summary Judgment, plaintiff requests prepayment yield maintenance -- a prepayment penalty -- in the amount of $906,749.31.[55]  Defendant contends, in its response to plaintiff's motion, that plaintiff may not recover a prepayment penalty after acceleration of the Note absent an express provision in the Loan Agreement permitting plaintiff to do so.[56]  In its reply brief, U.S. Bank withdraws its request for prepayment yield maintenance.[57]  Because plaintiff no longer seeks prepayment yield maintenance, there can be no genuine dispute over that prepayment penalty.

*Miscellaneous and Administrative Fees*

The Loan Agreement states that if defendant does not make a payment, it shall "reimburse [plaintiff] upon receipt of notice from [plaintiff], for all reasonable costs and expenses...incurred by [plaintiff] in connection with...enforcing any obligations of or collecting any payments due from

---

[55]     Motion for Summary Judgment at ¶ 22.

[56]     Defendant, Lighthouse Whitehall Commons, LLC's Memorandum of Law in Opposition to the Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment at page 10 (citing In re 400 Walnut Associates, L.P., 461 B.R. 308, 321 (Bankr. E.D.Pa. 2011), rev'd on other grounds, 2012 U.S.Dist. LEXIS 79729 (E.D.Pa. June 7, 2012) (Dubois, J.)).

[57]     Exhibit 1 at ¶¶ 2 and 6, Reply Brief in Support of Plaintiff's Motion for Summary Judgment.

[defendant] under this Agreement".[58]   In its Motion for Summary Judgment, plaintiff requests $120.00 for a miscellaneous fee and $345.00 in administrative fees.[59]

    In its response to plaintiff's motion, defendant contends that plaintiff has not demonstrated the reasonableness of these fees, and that defendant should have an opportunity to complete discovery to determine their reasonableness.[60]

    Mr. Lau responded in his affidavit attached to plaintiff's reply that the $120.00 miscellaneous fee is a charge for a Uniform Commercial Code ("UCC") administration fee, and the $345.00 administrative fees are charges for a demand preparation fee, a trustee fee, a notary fee, and a UCC termination fee.[61]

    Because U.S. Bank has outlined the origin of these fees, and Lighthouse Whitehall has not offered record evidence demonstrating that -- or otherwise explained why -- these charges are unreasonable, I find that the miscellaneous and administrative fees are reasonable and there is no genuine dispute as to their amount or their reasonableness.  Accordingly, I conclude

---

[58]     Exhibit A, Amended Complaint in Mortgage Foreclosure at pages 57-58.

[59]     Motion for Summary Judgment at ¶ 22.

[60]     Defendant, Lighthouse Whitehall Commons, LLC's Memorandum of Law in Opposition to the Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment at pages 3 and 11.

[61]     Exhibit 1 at ¶ 4, Reply Brief in Support of Plaintiff's Motion for Summary Judgment.

that defendant owes plaintiff $120.00 for a miscellaneous fee and $345.00 in administrative fees.

*Tax Escrow Balance and Insurance Escrow Balance*

The Loan Agreement provides that Lighthouse Whitehall "shall pay all Taxes and Other Charges now or hereafter levied or assessed or imposed against the Property or any part thereof as the same become due and payable."[62]  As long as Lighthouse Whitehall is not in default and continues to deposit tax funds into an escrow account as required by the Loan Agreement,[63] its "obligation to directly pay Taxes shall be suspended".[64]

The same section of the Loan Agreement also provides that U.S. Bank "may pay over any such cash or other security held by [plaintiff] to the claimant entitled thereto at any time when, in the judgment of [plaintiff], the entitlement of such claimant is established."[65]  Accordingly, if Lighthouse Whitehall failed to deposit tax funds into the escrow account, even though that failure would require Lighthouse Whitehall to pay the taxes directly, U.S. Bank may make the tax payments itself and then require that Lighthouse Whitehall reimburse U.S. Bank for those tax payments.

---

[62]    Exhibit A at page 26, Amended Complaint in Mortgage Foreclosure.

[63]    Id. at page 44 and Schedule IV.

[64]    Id. at page 26.

[65]    Id. at page 26.

- 31 -

In addition to paying taxes on the Mortgaged Premises, Lighthouse Whitehall must also "maintain, or cause to be maintained, insurance for Borrower and the Property" that provides a minimum amount of coverage as required by the Loan Agreement.[66]  As with the tax payment, if Lighthouse Whitehall failed to make insurance premium payments into the escrow account[67] and U.S. Bank

> is not in receipt of written evidence that all insurance...is in full force and effect, [plaintiff] shall have the right, without notice to [defendant], to take such action as [plaintiff] deems necessary to protect its interest in the Property, including, without limitation, the obtaining of such insurance coverage as [plaintiff] in its sole discretion deems appropriate and all premiums incurred by [plaintiff] in connection with such action or in obtaining such insurance and keeping it in effect shall be paid by [defendant] to [plaintiff] upon demand.[68]

In other words, if Lighthouse Whitehall fails to make insurance premium payments, U.S. Bank may, without notice, elect to make those payments itself and, if U.S. Bank does so, Lighthouse Whitehall is responsible for reimbursing U.S. Bank for such insurance premium payments.

As mentioned above, the Loan Agreement requires Lighthouse Whitehall to maintain escrow accounts for the deposit

---

[66]     Id. at page 35.

[67]     Exhibit A at page 44 and Schedule IV, Amended Complaint in Mortgage Foreclosure.

[68]     Id. at page 39.

of funds for the payment of taxes and insurance premiums.[69]  In
its Motion for Summary Judgment, U.S. Bank states that as of
August 1, 2011, Lighthouse Whitehall had a tax escrow balance of
$21,956.38 and an insurance escrow balance of $16,319.59, both of
which U.S. Bank credited toward Lighthouse Whitehall's mortgage
debt.[70]

Lighthouse Whitehall states, in its response to
plaintiff's motion, that U.S. Bank has not set forh any evidence
demonstrating the accuracy of these escrow balances.[71]  Because
discovery was not yet complete at the time defendant responded to
plaintiff's motion, defendant contended that it should have an
opportunity to obtain an itemized statement of its escrow
accounts to determine whether the trustee has maintained the
accounts in accordance with the Loan Agreement.[72]

Mr. Lau stated, in his affidavit attached to U.S.
Bank's reply brief, that because Lighthouse Whitehall has not
deposited any funds into the account reserved for taxes and
insurance premiums, there is, as of March 13, 2012, a negative
tax escrow balance of $-33,592.47 and an insurance escrow balance

---

[69]    Id. at page 44 and Schedule IV.

[70]    Motion for Summary Judgment at ¶ 22.

[71]    Defendant, Lighthouse Whitehall Commons, LLC's Memorandum of Law
in Opposition to the Motion of Plaintiff, U.S. Bank National Association, as
Trustee for Summary Judgment at pages 3 and 12.

[72]    Id.

of $0.[73]  Given that Lighthouse Whitehall's escrow balances have

both decreased from August 1, 2011 to March 13, 2012, it appears

that U.S. Bank has paid taxes and insurance premiums out of the

tax and insurance escrow accounts.

        As discussed above, plaintiff has a right to perform

such actions under the Loan Agreement.  In addition, the Loan

Agreement states that "upon the occurrence of an Event of

Default, [plaintiff] may apply any sums then present in the

Reserve Funds to the payment of the Debt in any order in its sole

discretion."[74]

        Discovery is now complete.  Defendant has not submitted

any evidence to support its contention that the amount of money

in defendant's tax and insurance escrow accounts as of August 1,

2011 was not the amount stated by plaintiff, or that the account

balances as of March 13, 2012, as stated by Mr. Lau in his

affidavit, are inaccurate in any respect.

        Lighthouse Whitehall went from a positive tax escrow

balance of $21,956.38 on August 1, 2011 to a negative tax escrow

balance of $-33,592.47 on March 13, 2012, and from a positive

---

[73]    Reply Brief in Support of Plaintiff's Motion for Summary Judgment
at ¶ 7.

[74]    Exhibit A at page 45, Amended Complaint in Mortgage Foreclosure.
The Loan Agreement defines "Debt" to include taxes and insurance premiums that
must be paid under the agreement: "the outstanding principal amount of the
Loan together with all interest accrued and unpaid thereon and all other
sums...owing to Lender in respect of the Loan under the Note, this Agreement,
the Mortgage, the Environmental Indemnity or any other Loan Document." Id. at
page 3.

insurance escrow balance of $16,319.59 on August 1, 2011 to an
insurance escrow balance of $0 on March 13, 2012.  Because the
negative balance in the tax escrow account appears to have
resulted from U.S. Bank's payments for Lighthouse Whitehall's
Mortgaged Property's taxes, Lighthouse Whitehall would owe U.S.
Bank $33,592.47 for the tax payments U.S. Bank made out of its
own funds after Lighthouse Whitehall's tax escrow account reached
a zero balance.  Lighthouse Whitehall would not owe U.S. Bank any
part of the $16,319.59 U.S. Bank spent to cover insurance premium
payments because U.S. Bank paid that money out of Lighthouse
Whitehall's own escrow account from money that Lighthouse
Whitehall had deposited itself.

Given the limited information Mr. Lau provided in his
affidavit, I do not know what amount U.S. Bank has spent, if any,
on taxes and insurance premiums from March 14, 2011 to the
present.  Further proceedings are required to determine the total
amount of tax and insurance premium reimbursements owed by
Lighthouse Whitehall to U.S. Bank.

### Attorneys' Fees and Costs

The Loan Agreement provides that if defendant fails to
make a payment, defendant shall pay plaintiff "all reasonable
costs and expenses (including reasonable attorneys' fees and
disbursements and the allocated costs of internal legal services
and all actual disbursements of internal counsel) incurred by

[plaintiff] in connection with...enforcing any obligations of or collecting any payment due from [defendant] under this Agreement".[75]

In its Motion for Summary Judgment, plaintiff requests attorneys' fees and costs, as well as any other costs advanced during the pendency of this action.[76]  However, plaintiff does not provide any evidence stating the amount of attorneys' or additional fees requested, or evidence that the fees being requested are reasonable.  Accordingly, plaintiff's Motion for Summary Judgment is denied to the extent that it requests plaintiff's attorneys' fees and other cost disbursements advanced in connection with this foreclosure action.

Appointment of Receiver

*Appointment of Receiver*

The Motion for Summary Judgment requests that the court appoint a receiver to operate and manage the Mortgaged Premises during the pendency of this action and authorizing the receiver to conduct the foreclosure sale of the Mortgaged Premises pursuant to Chapter 127 of Title 28 of the United States Code, 28 U.S.C. § 2001-2007.[77]

---

[75]     Exhibit A, Amended Complaint in Mortgage Foreclosure at pages 57-58.

[76]     Motion for Summary Judgment at ¶ 22.

[77]     Motion for Summary Judgment at page 7.

- 36 -

As noted above, I denied plaintiff's September 23, 2011
Petition for Appointment of Receiver.  As explained in my Order
dated and filed December 7, 2011, I denied the September 23, 2011
petition because plaintiff's sole argument -- namely, that the
Loan Agreement entitled it to have receiver appointed in the
event of default -- was not supported by the Loan Agreement
itself.

Absent an agreement by the parties, the appointment of
a receiver is an extraordinary remedy to be employed where an
emergency exists and the receiver is necessary to protect the
property interests of the moving party.  Comerica Bank v. State
Petroleum Distributors, Inc., 2008 WL 2550553, at *3-4 (M.D.Pa.
June 2, 2008)(Koskik, J.); Miller v. Frisco, Inc.,
376 F.Supp. 468, 470 (E.D.Pa. 1974) (Van Artsdalen, J.); see also
Mintzer v. Arthur L. Wright & Co., 263 F.2d 823, 824 (3d Cir.
1959).

The decision whether to appoint a receiver is within
the discretion of the court, and the court must consider the
circumstances of each case.  Miller, 376 F.Supp. at 470.

In deciding whether to appoint a receiver, some
relevant factors include:

> (1) the probability of the plaintiff's success in the
> action; (2) the possibility of irreparable injury to
> the plaintiff's interests in the property; (3) the
> inadequacy of the security to satisfy the debt; (4) the

> probability that fraudulent conduct has occurred or will occur to frustrate the plaintiff's claim; (5) the financial position of the debtor; (6) the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; (7) the inadequacy of available legal remedies; (8) the lack of a less drastic equitable remedy; and (9) the likelihood that appointing a receiver will do more harm than good.

Comerica Bank, 2008 WL 2550553, at *4.

The motion for summary judgment and plaintiff's brief in support do not discuss or explain why appointment of a receiver is necessary to protect its property interests.[78]  The undisputed facts of this case demonstrate that Lighhouse Whitehall did not make monthly loan payments to U.S. Bank from February 2011, through December 2011,[79] and, for the reasons expressed above, U.S. Bank has largely succeeded on the merits of its Motion for Summary Judgment.

However, while U.S. Bank's success on the merits suggests that a receiver could be appropriate in this case, U.S. Bank has not provided the court with additional factual information demonstrating a sufficiently grave and immediate risk to its property interests to support the appointment of a receiver.

---

[78]    See id.; Plaintiff's Brief in Support at pages 1-4.

[79]    Amended Complaint in Mortgage Foreclosure at ¶ 18; Exhibit 5, Answer to Request 12 at page 6, Defendant, Lighthouse Whitehall Commons, LLC's Response to Motion of Plaintiff, U.S. Bank National Association, as Trustee for Summary Judgment.

Accordingly, I deny plaintiff's Motion for Summary Judgment to the extent it seeks appointment of a receiver to operate and manage the Mortgaged Premises during the pendency of this action and to conduct the foreclosure sale of the Mortgaged Premises.

## CONCLUSION

Because defendant is in default on the Mortgage, defendant has failed to pay interests on the Mortgage, and there is no dispute regarding the recorded amount of the Mortgage, I grant plaintiff's Motion for Summary Judgment to the extent it requests that plaintiff be permitted to foreclose on the Mortgaged Premises.

Moreover, for the reasons expressed in this Opinion, material factual disputes preclude entry of summary judgment for the total sum owed by Lighthouse Whitehall to U.S. Bank. However, it is appropriate to enter partial summary judgment in favor of plaintiff and against defendant in the sum of $4,324,501.47, as follows:

(intentionally left blank)

- 39 -

$4,316,820.31     outstanding principal balance on the
                  August 16, 2006 Promissory Note to
                  Eurohypo, subsequently assigned to
                  U.S. Bank;

    7,216.16      late fees for missed payments in
                  February, March, April and May, 2011;

      120.00      miscellaneous fee (UCC administration
                  fee);

      345.00      administrative fees (demand preparation
                  fee, trustee fee, notary fee, UCC
                  termination fee);

_____

$4,324,501.47     TOTAL Partial Summary Judgment;

plus $719.47 per diem standard interest from January 11, 2011

through September 27, 2012, and $599.56 per diem default interest

from February 11, 2011 through September 27, 2012.

     For the reasons expressed in this Opinion, summary

judgment is denied concerning plaintiff's request for the amount

of attorney's fees, taxes, insurance premiums, and other cost

disbursements that U.S. Bank has advanced from March 14, 2011 to

the present, or will advance, on behalf of Lighthouse Whitehall

in connection with this foreclosure action.  Further proceedings

are required to determine the total amount of these items owed by

Lighthouse Whitehall to U.S. Bank, to be conducted at the future

non-jury trial in this action.

     I also deny plaintiff's request to apply the contract

interest rates from the Loan Agreement to defendant's outstanding

principal balance from the date of the entry of judgment,

September 28, 2012, until the date of the foreclosure sale of the Mortgaged Premises.  However, defendant must pay the post-judgment interest at the statutory rate of 0.18 percent to be computed daily, from September 28, 2012, until the judgment is paid in full, and which post-judgment interest shall be compounded annually.

In addition, I deny plaintiff's request for appointment of a receiver to operate, manage, and conduct the foreclosure sale of the Mortgaged Premises.

In all other respects, plaintiff's motion for summary judgment is denied.